1 | Todd R. Miller (SBN 193688)
trmiller@millerip.com
2 | MILLER IP
1122 E. Green Street
3 | Pasadena, CA 91106
Telephone: (626) 795-0500
4 | Facsimile: (626) 795-0615

6 | Attorneys for Plaintiff
BLUELOUNGE PTE. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BLUELOUNGE PTE. LTD., a Singapore limited liability company, | Case No. 2:14-cv-05558 |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS AND TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT** |
| v. | |
| WUI YUH OOI, an Individual d/b/a COSMOS and/or COSMOS TECH & LEISURE, | **JURY TRIAL DEMAND** |
| Defendant. | |

Plaintiff Bluelounge Pte. Ltd. ("Bluelounge") complains and alleges as follows against Defendant Wui Yuh Ooi, an individual d/b/a Cosmos and/or Cosmos Tech & Leisure.

## NATURE OF THE ACTION

1. Bluelounge is an award-winning, international design studio recognized for its clever products that solve everyday problems through innovation.

2. Defendant has copied and sold an untold number of infringing times one of Bluelounge's patented and distinctive cable management solutions.

3. This lawsuit seeks damages and injunctive relief against Defendant for patent infringement, trade dress and trademark infringement, unfair competition, and unjust enrichment.

## THE PARTIES

4. Bluelounge is a Singapore corporation having its principal place of business at 8 Wilkie Road #03-01, Wilkie Edge, Singapore 228095.

5. On information and belief, Defendant is an individual with a principal place of business in Wheaton, Maryland. On information and belief, Defendant also does business as Cosmos and/or Cosmos Tech & Leisure.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1131 (federal question); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to patents and trademarks, and unfair competition claims joined therewith); and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over Defendant because he has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1125, and he has placed and continues to place infringing products into the stream of commerce, with the knowledge and understanding that such products are sold in California including in this District. The acts by Defendant cause injury to Bluelounge within this District. Upon information and

belief, Defendant derives substantial revenue from the sale of infringing products within this District and expects his actions to have consequences within this District. The exercise of jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

8. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c).

## FACTS

**A. Bluelounge and its Intellectual Property**

9. Bluelounge incorporates and realleges paragraphs 1 through 8 above.

10. Founded in 1999 by designers Melissa Sunday and Dominic Symons, Bluelounge began as a full-service creative firm offering brand strategy, graphic design, and consulting services focusing on product development, advanced design research, and corporate communications campaigns for a variety of clients globally.

11. Born of this fusion of graphic and industrial design experience, in 2005, Bluelounge designed and launched a product of its own, springboarding the company to become the product manufacturing and international distribution enterprise for which it is known.

12. Today, Bluelounge is currently headquartered in Singapore, with creative studios and R&D divisions in Jakarta, Indonesia and Pasadena, California.

13. Bluelounge products are available in over 500 stores stateside and through international distributors, promotional agents, and licensees in over 46 countries.

14. Under the creative direction of Dominic Symons, the Bluelounge team is a vibrant collective that champions ingenuity and embraces the imagination to fuel innovation.

15. Bluelounge's elegant and sophisticated products evoke a conceptual simplicity and practicality that has attracted international acclaim securing numerous awards and accolades, as seen below:










16. Bluelounge's unique products have also been recognized by those outside the industry. As a result, Bluelounge's innovations have obtained significant and global intellectual property protection including patents, marks, and trade dress.

17. Pertinent here, on April 12, 2010, the United States Patent and Trademark Office issued U.S. Patent D613,697 ("'697 Patent") entitled "Container with Lid for Storing Power Cords and Cables for Electronic Devices." This patent names Dominic Symons as the inventor. A true and correct copy of the '697 Patent is attached as Exhibit 1.

1  18. Figure 1 of the '697 Patent is below:



Fig. 1

10  19. Bluelounge is the owner of all right, title, and interest in and to the '697 Patent with the full and exclusive right to enforce this patent including the right to recover for past infringement. The '637 Patent is in full force and effect.

20. Bluelounge actively markets, sells, and otherwise offers to the public its unique products and services under multiple, uncontestable federal trademark registrations including but not limited to BLUELOUNGE and BL.

21. Bluelounge has been marketing, selling, and otherwise offering to the public the cable management solution covered by the '697 Patent under its BLUELOUNGE and BL marks as well as the common law trademarks CABLEBOX and CABLEBOX MINI (hereinafter, collectively, "CableBox Marks").

22. For example, a snapshot of Bluelounge's website, www.bluelounge.com taken on July 15, 2014, shows the pertinent, award-wining product marketed under the BLUELOUNGE, BL, and CableBox Marks:

4



23. Similarly, below is photograph showing the unique and distinctive packaging for the CABLEBOX product:



24. As can be seen above, Bluelounge sells the CABLEBOX in black and white, and has been doing so by at least early 2009.

5

25.  As can be seen below, Bluelounge sells the CABLEBOX MINI in black, white, blue, green, orange, pink, and yellow colors, and has been selling in multiple colors since 2010:



26.  One can also see from the above that Bluelounge uses a certain size and shape for the CABLEBOX and CABLEBOX MINI products. What cannot be seen above is the fact that the pertinent products also have a specific texture.

27.  Bluelounge's use of a certain size, shape, color, texture, and/or packaging (individually and collectively, "Bluelounge Trade Dress") is inherently distinctive and/or has acquired secondary meaning in the trade and among the relevant consuming public as a symbol identifying Bluelounge as the source of the CABLEBOX and CABLEBOX MINI products. Moreover, none of these elements is functional.

**B.  Defendant and its Infringing Product**

28.  Upon information and belief, Defendant, individually and/or through his agents, is engaged in the manufacture, importation, distribution, and/or sales of copies of Bluelounge's CABLEBOX and CABLEBOX MINI products, identified

by Defendant as "Cosmos® Black household patch board/ac adapter/charger/usb hub/collect redundant cable Cable Box/Cable management box with Cosmos Fastening Strap" (hereinafter "Infringing Product").  Exh. 2.  Upon information and belief, Defendant does so on a nationwide basis by direct retail sales and/or shipments directly to consumers via the Internet including but not limited to through a store front on Amazon.com and many other sites, as represented below from a snapshot, in pertinent part, taken on July 15, 2014:



29.     Defendant offers the Infringing Product in black, white, green, and pink colors, as seen below from a snapshot of the Amazon.com website taken on July 15, 2014:





30. Defendant not only copied Bluelounge's patented design and the Bluelounge Trade Dress, he also mimicked the product description (or "Cable Management Solution" as Bluelounge refers to it in its website, as seen above) including confusingly similar use of Bluelounge's CABLEBOX MINI mark, as per a snapshot taken on the amazon.com website on July 15, 2014, in pertinent part:

**Product Description**

Tangled cables round the table/computer/household electrical appliance. With Cable Box Mini, AC adapters and cables can be collected in good order at any time, to avoid annoying dust. Simple setting. No need to remove cable, just apply cable to patch board and cover it. Due to the design of extending cable at both ends of the box, household patch board or AC adapter can be applied. Cosmos® is a registered trademark USPTO serial: 85-390,937 protected by US Trademark Law, all products by Cosmos® are exclusively distributed by Galaxy Tech & Leisure.

31. Interestingly, Defendant appears to recognize the importance of intellectual property rights by stating that "Cosmos®" is "registered" and "protected by US Trademark Law." Indeed, Defendant repeatedly (and improperly) uses the federal registration symbol for COSMOS as a standard character mark even though he has no such protection per his U.S. Registration No. 4163670. *See also* Trademark Manual of Examining Procedure, Section 906.02 (stating that a deliberate improper use of a federal registration symbol intended to deceive or mislead the public constitutes fraud).

# FIRST CLAIM

## (Patent Infringement)

32. Bluelounge incorporates and realleges paragraphs 1 through 31 above.

33. Defendant has infringed and continues to infringe the '637 Patent by using, selling, and/or offering to sell in the United States, and/or importing into the United States the Infringing Product. Exh. 2.

34. As the side-by-side comparisons shown below reveal, Defendant has misappropriated Bluelounge's patented design in the Infringing Product:

| BLUELOUNGE'S PATENT PROTECTION | DEFENDANT'S INFRINGING PRODUCT |
|---|---|
| (Fig. 1) | (image of black box with cables) |

Exh. 1 at 18; Exh. 2.

35. Defendant does not have a license, authority, or permission to use the claimed subject matter of the '637 Patent.

36. On information and belief, Defendant's acts of infringement have been committed willfully and with knowledge of Bluelounge's patent rights, particularly in that Bluelounge marks and thereby provides constructive notice of its '697 patent rights and in light of the extent and deliberateness of Defendant's blatant copying in disregard of those rights.

37. Bluelounge has suffered and is suffering damages as a result of the Defendant's wrongful acts in an amount yet to be determined. In this regard,

9

Bluelounge is entitled to an additional remedy for infringement of a design patent, including Defendant's total profit, per 35 U.S.C. § 289.

38. Defendant's acts of infringement are causing irreparable harm to Bluelounge and will continue to cause irreparable harm unless enjoined.

39. Upon information and belief, Defendant's acts of infringement have resulted and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendant in an amount to be determined.

## SECOND CLAIM

## (Trade Dress Infringement)

## (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

40. Bluelounge incorporates and realleges paragraphs 1 through 39 above.

41. Bluelounge is the rightful owner of the protectable Bluelounge Trade Dress, including the total visual appearance of the Bluelounge CABLEBOX and CABLEBOX MINI products with and without their packaging.

42. The Bluelounge Trade Dress is used in commerce, is non-functional, and is inherently distinctive and/or has acquired meaning in the marketplace.

43. Defendant's Infringing Product copies and infringes the Bluelounge Trade Dress.

44. Defendant's use of the Bluelounge Trade Dress, or trade dress confusingly similar thereto, is without permission, authorization, or consent.

45. Defendant's use of the Bluelounge Trade Dress is intended to cause, has caused, and is likely to cause confusion, mistake, deception among consumers, the public, and the trade who recognize and associate the elements of the Bluelounge Trade Dress with Bluelounge.

46. Defendant's conduct is likely to cause confusion or otherwise deceive consumers, the public, and the trade as to the source of the Infringing Product, or as to a possible affiliation, connection, or association between Bluelounge, Defendant, and the Infringing Product.

47. Defendant's use or passing off of the elements of the Bluelounge Trade Dress enables Defendant to benefit unfairly from Defendant's reputation and success, thereby giving Defendant infringing sales and other commercial value that he would not otherwise have.

48. Defendant's use of the elements of the Bluelounge Trade Dress has caused and, unless restrained, will continue to cause injury to Bluelounge.

49. Defendant's actions constitute false designation of origin, false and misleading descriptions, or false and misleading representations that are likely to cause confusion, mistake, and deception. By using a confusingly similar trade dress, Defendant has misrepresented the nature, origin, characteristics, and/or quality of his products, in violation of 15 U.S.C. § 1125(a).

50. Bluelounge has suffered and is suffering damages as a result of the Defendant's wrongful acts in an amount to be determined.

51. Defendant's acts of infringement are causing irreparable harm to Bluelounge and will continue to cause irreparable harm unless enjoined.

52. Upon information and belief, Defendant's acts of infringement have been willful and resulted and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendant in an amount to be determined.

### THIRD CLAIM

**(Common Law Trade Dress Infringement)**

53. Bluelounge incorporates and realleges paragraphs 1 through 52 above.

54. Defendant's acts constitute common law trade dress infringement under California law.

55. On information and belief, Defendant has knowingly and willfully infringed the Bluelounge Trade Dress by deliberately exploiting the substantial goodwill associated with Bluelounge and the Bluelounge Trade Dress.

56. As a result of Defendant's actions, Bluelounge has suffered irreparable harm. Bluelounge has no adequate remedy at law to compensate it for the

1 irreparable harm it has and will continue to suffer if Defendant's acts of common
2 law trade dress are allowed to continue. Accordingly, Bluelounge is entitled to an
3 injunction wherein Defendant is enjoined from further infringement of the
4 Bluelounge Trade Dress.

## FOURTH CLAIM
### (Common Law Trademark Infringement)

7      57.     Bluelounge incorporates and realleges paragraphs 1 through 56 above.
8      58.     The Bluelounge CableBox Marks are used in commerce, are
9 protectable, and/or inherently distinctive and/or have acquired meaning in the
10 marketplace.
11      59.     Defendant's unauthorized use of Bluelounge's CableBox Marks, or a
12 mark or marks confusingly similar thereto, in connection with the Infringing
13 Product constitutes trademark infringement and misappropriation and is likely to
14 cause confusion, deception, or mistake among consumers, the public, or the trade
15 who recognize and associate Bluelounge as the source of the CABLEBOX and
16 CABLEBOX MINI products.
17      60.     Defendant has engaged and is continuing to engage in unfair
18 competition and passing off under the common law of California.
19      61.     Upon information and belief, Defendant's acts of infringement have
20 been willful, malicious, and/or with full knowledge and in conscious disregard of
21 Bluelounge's results, with the intent and result of deliberately exploiting the
22 substantial goodwill associated with Bluelounge and the CableBox marks.
23      62.     As a result of Defendant's actions, Bluelounge has suffered irreparable
24 harm. Bluelounge has no adequate remedy at law to compensate it for the
25 irreparable harm it has and will continue to suffer if Defendant's acts of common
26 law trademark infringement are allowed to continue. Accordingly, Bluelounge is
27 entitled to an injunction wherein Defendant is enjoined from further infringement
28 of the Bluelounge CableBox Marks.

63. Bluelounge is also entitled to punitive and/or exemplary damages pursuant to California Civil Code Section 3294 in an amount sufficient to punish, deter, and make an example of Defendant.

## FIFTH CLAIM

### (Unfair Competition)

### (California Business and Professions Code § 17200, et seq.)

64. Bluelounge incorporates and realleges paragraphs 1 through 63 above.

65. Defendant's unauthorized and unlawful use of the Bluelounge Trade Dress, or trade dress confusingly similar thereto, and unauthorized and unlawful use of the CableBox Marks, or a mark or marks confusingly similar thereto, in a manner that is likely to cause confusion or mistake, or deceive as to the origin or affiliation of the Infringing Product constitutes unfair competition under California Business and Professions Code law § 17200, et seq.

66. Bluelounge has been damaged and will continue to be damaged by Defendant's unlawful, unfair, and/or fraudulent business practices and misleading of the general public, as alleged herein. In short, as a result of Defendant's actions, Bluelounge has suffered injury in fact and has lost money.

67. Bluelounge is entitled to an injunction prohibiting Defendant from continuing the wrongful practices described herein that cause Bluelounge irreparable harm and damage to its business, reputation, and goodwill. Bluelounge is also entitled to restitution.

68. Upon information and belief, Defendant's acts of infringement have been willful, malicious, or with full knowledge and in conscious disregard of Bluelounge's results, wherein Bluelounge is also entitled to punitive and/or exemplary damages pursuant to California Civil Code Section 3294 in an amount sufficient to punish, deter, and make an example of Defendant.

13

## SIXTH CLAIM

### (Common Law Unfair Competition)

69. Bluelounge incorporates and realleges paragraphs 1 through 68 above.

70. Defendant's unauthorized and unlawful use of the Bluelounge Trade Dress, or trade dress confusingly similar thereto, and unauthorized and unlawful use of the CableBox Marks, or a mark or marks confusingly similar thereto, is in a manner that is likely to cause confusion or mistake, or deceive as to the origin or affiliation of the Infringing Product.

71. As a result of Defendant's actions, Bluelounge has suffered irreparable harm. Bluelounge has no adequate remedy at law to compensate it for the irreparable harm it has and will continue to suffer if Defendant's acts of common law unfair competition are allowed to continue. Accordingly, Bluelounge is entitled to an injunction wherein Defendant is enjoined from further infringement of the Bluelounge Trade Dress and CableBox Marks.

## SEVENTH CLAIM

### (Unjust Enrichment)

72. Bluelounge incorporates and realleges paragraphs 1 through 71 above.

73. Defendant's acts set out above constitute unjust enrichment of Defendant at Bluelounge's expense and/or to its detriment. Bluelounge seeks an accounting and disgorgement of all ill-gotten gains and profits from Defendant's inequitable activities.

## PRAYER FOR RELIEF

WHEREFORE, Bluelounge respectfully requests the following relief:

1. Enter judgment for Bluelounge on this Complaint;

2. Enjoin the Defendant, any officers, agents, servants, employees, attorneys, and all others acting in privity or in concert with them, and any parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of

the '697 Patent, Bluelounge Trade Dress, and CableBox Marks, and acts of unfair competition;

3. Award Bluelounge damages resulting from Defendant's infringement, order the Defendant to account for and pay to Bluelounge damages adequate to compensate Bluelounge for the infringement of its rights, and award Bluelounge its costs and pre-judgment and post-judgment interest at the maximum rate permitted by law including 35 U.S.C. §§ 284 and/or 289 and/or 15 U.S.C. § 1117;

4. Award Bluelounge treble damages in accordance with 35 U.S.C. § 284 and/or 15 U.S.C. § 1117 as a result of Defendant's willful acts of infringement;

5. Award Bluelounge Defendant's total profit from acts of infringement of the '697 Patent per 35 U.S.C. § 289;

6. Order an accounting and disgorgement to Bluelounge of all ill-gotten gains and profits from Defendant's inequitable activities;

7. Award Bluelounge exemplary and/or punitive damages;

8. Declare this case exceptional under 35 U.S.C. § 285 and/or 15 U.S.C. § 1117, and award Bluelounge its attorney fees, costs, and expenses; and

9. Grant Bluelounge such further relief to which the Court finds Bluelounge entitled under law or equity.

Dated: July 17, 2014

Respectfully submitted,

By /s/ Todd R. Miller
    Todd R. Miller

Todd R. Miller (SBN 193688)
trmiller@millerip.com
MILLER IP
1122 E. Green Street
Pasadena, CA 91106
Telephone: (626) 795-0500
Facsimile: (626) 795-0615

Attorneys for Bluelounge Pte. Ltd.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of the Central District of California, Bluelounge hereby demands trial by jury on all issues raised by the Complaint.

Dated:  July 17, 2014                              Respectfully submitted,


By /s/ Todd R. Miller
    Todd R. Miller

Todd R. Miller (SBN 193688)
trmiller@millerip.com
MILLER IP
1122 E. Green Street
Pasadena, CA  91106
Telephone:  (626) 795-0500
Facsimile:   (626) 795-0615

Attorneys for Bluelounge Pte. Ltd.